# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DERRY GRIER, | : | |
| | : | |
| Plaintiff/Petitioner, | : | Case No.: |
| | : | 1:22-cv-02406-MLB-CCB |
| | : | |
| v. | : | |
| | : | |
| ANY PERSON CLAIMING INTEREST | : | Removed from Superior Court |
| | : | of DeKalb County |
| IN RE: PROPERTY LOCATED AT | : | Civil Action No. 21CV11039 |
| 6890 GLEN COVE LANE | : | |
| STONE MOUNTAIN | : | |
| GEORGIA 30087, | : | |
| | : | |
| Respondents/Defendants. | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 26, Defendants Fay Servicing, LLC ("Fay Servicing") and U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust ("Trustee") (collectively, the "Defendants"), and respectfully move the Court to issue an Order temporarily staying discovery and certain pretrial deadlines of the Federal Rules of Civil Procedure and the Civil Local Rules for the United States District Court for the Northern District of Georgia pending the outcome of Defendants' Motion to Dismiss, filed contemporaneously herewith in this action.

127499184v.2

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed the instant case in the Superior Court of DeKalb County (the "State Court") on December 30, 2021. Plaintiff's original complaint in this action sought temporary and preliminary injunctive relief to enjoin the non-judicial foreclosure sale of the Property that was scheduled to occur on January 4, 2022, as well as any future foreclosures sales of the Property. Plaintiff also sought to quiet title to the Property pursuant to O.C.G.A. § 23-3-60, *et seq*.

On May 16, 2022, Plaintiff filed and served her *Petition for Declaratory Judgment* (the "Amended Complaint") in the State Court. In the Amended Complaint, Plaintiff once again seeks to quiet title to the Property pursuant to O.C.G.A. §§ 23-3-60, *et seq*. *See* Am. Compl. ¶¶ 1-6. Additionally, Plaintiff has asserted new claims against Fay Servicing and/or Trustee for alleged violations of the terms of a consent order entered into between Fay Servicing and the Consumer Financial Protection Bureau ("CFPB") (Am. Compl. ¶¶ 7-13), as well as alleged violations of unspecified "Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z)" (Am. Compl. ¶¶ 14-15).

Plaintiff's Amended Complaint seeks to quiet title to the Property as well as monetary damages. Am. Compl. p. 8 ("WHEREFORE" paragraph). Plaintiff's Amended Complaint further asks the court to:

    (1)    "order Fay [Servicing] to pay Plaintiff redress for the damages caused by Fay Servicing;"

    (2)    "order Fay [Servicing] to offer borrowers opportunities to pursue foreclosure relief;"

    (3)    "order Fay to stop illegal practices and comply with mortgage servicing rules;" and

    (4)    "order compliance with Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) to all parties claiming interest in the [P]roperty of the Plaintiff."

*Id.*

Defendants removed this case to this Court on June 15, 2022. Dkt. 1. Defendants now move the Court to dismiss Plaintiff's claims asserted in this action with prejudice, pursuant to FRCP 12(b)(6), for the reasons set forth below.

## II. ARGUMENT AND CITATION OF AUTHORITY

The Court should issue an order temporarily staying discovery and certain pretrial deadlines pending the Court's adjudication of Defendants' pending Motion to Dismiss, filed contemporaneously herewith. It is within the Court's discretion to issue such an Order. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n. 2 (11th Cir. 2002) (explaining that a district court has discretion to suspend pretrial requirements pending a ruling on facial challenges to the sufficiency of a complaint); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (holding that the district court did not abuse its discretion in staying discovery because the court had "sufficient information before it upon which to rule"); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (holding that the court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *see also White v. Georgia*, No. 1:07-CV-01739-WSD, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007); *Appleton v. Intergraph Corp.*, No. 5:07-CV-179 (HL), 2008 WL 2302671, at *1 (M.D. Ga. May 29, 2008); *U.S. v. Real Property Known as 1111 Wilma Ave., Savannah, GA*, No. CV409-052, 2009 WL 1834149, at *1 (S.D. Ga. June 25, 2009).

As shown in Defendants' Motion to Dismiss, Plaintiff's action fails to state any valid legal claims against Defendants. Because the Court's ruling on the

pending Motion to Dismiss may dispose of this action in its entirety, complying with certain pretrial obligations set forth in the Federal Rules of Civil Procedure and this Court's Civil Local Rules, serving and responding to discovery would be premature. The time and resources that the parties (and particularly Defendants) would expend in engaging in discovery, conducting an early planning conference, and drafting initial disclosures, a joint preliminary planning report and a discovery plan would have been spent unnecessarily if the Court grants Defendants' Motion to Dismiss.

Therefore, Defendants request that this Court exercise its discretion to temporarily stay the discovery period and the applicable deadlines for the following pretrial obligations, pending the Court's ruling on Defendants' Motion to Dismiss:

(1)   Rule 26(f) Early Planning Conference.  LR 16.1, N.D. Ga.;

(2)   Joint Preliminary Report and Discovery Plan.  LR 16.2, N.D. Ga.; and

(3)   Initial Disclosures.  LR 26.1, N.D. Ga.

## III.   CONCLUSION

Based on the foregoing, and for reasons of judicial economy, efficiency, and fairness to the parties, Defendants respectfully request that the Court exercise its

discretion and grant the Motion to Stay Discovery and Pretrial Deadlines.[1]

RESPECTFULLY SUBMITTED, this 22nd day of June, 2022.

**LOCKE LORD LLP**

*/s/Steven J. Flynn*
Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@lockelord.com
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305
(404) 870-4600
*Counsel for Fay Servicing, LLC and U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust*

---

[1] For the Court's convenience, a proposed Order granting this motion is attached hereto as Exhibit A.

## CERTIFICATION

The undersigned further certifies that this document has been prepared in accordance with the formatting requirements designated in Local Rule 5.1.

RESPECTFULLY SUBMITTED, this the 22nd day of June, 2022.

**LOCKE LORD LLP**

/s/Steven J. Flynn
Steven J. Flynn
Georgia Bar No. 313040
steven.flynn@lockelord.com
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305
(404) 870-4600
*Counsel for Fay Servicing, LLC and U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust*

127499184v.2

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 22, 2022 the within and foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES** has been served upon all parties via United States Mail with first-class postage affixed thereto and properly addressed as follows:

> Derry Grier, *pro se*
> 6890 Glen Cove Lane
> Stone Mountain, GA 30087
> *Plaintiff*

> **LOCKE LORD LLP**
>
> */s/Steven J. Flynn*
> Steven J. Flynn
> Georgia Bar No. 313040
> steven.flynn@lockelord.com
> Terminus 200, Suite 1200
> 3333 Piedmont Road NE
> Atlanta, GA 30305
> (404) 870-4600
> *Counsel for Fay Servicing, LLC and U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of LSF9 Master Participation Trust*

127499184v.2